# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **Z.W.**

**No. 19-0389** (Wetzel County 2018-JA-012)

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.W., by counsel Patricia A. Kurelac, appeals the Circuit Court of Wetzel County's March 19, 2019, order terminating his parental rights to Z.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Brett M. Ferro, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2018, the DHHR filed an abuse and neglect petition against petitioner and the mother due to the prior involuntary termination of their parental rights to an older child in June of 2018. The petition alleged that the parents' conduct constituted imminent danger to the child because of their "ongoing and pervasive histories" of drug abuse and demonstrated inability to "parent or adequately supervise their child while under the influence of controlled substances." The petition further alleged that the mother tested positive for methamphetamine during the seventh month of her pregnancy with the child, who remained hospitalized after her birth. On October 3, 2018, the circuit court held a preliminary hearing and ratified the child's removal from petitioner's custody. Following the preliminary hearing, petitioner was arrested on unrelated charges and remained incarcerated throughout the proceedings.

In January of 2019, the circuit court held an adjudicatory hearing. At the hearing, petitioner admitted that he relapsed near the time of the child's birth, had not sought treatment for his drug addiction, had not attained employment or housing, and wanted the child to stay with her paternal grandmother. Further, petitioner admitted that he could not care for the child even if he were not

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

incarcerated as he did not have employment or housing. Ultimately, the circuit court found that "even on the day prior to his most recent incarceration [petitioner] had not changed his circumstances since June [of] 2018, that his circumstances were in fact worse than they had been in June [of] 2018, and that the child [Z.W.] is at the location and placement that is in her best interest." The circuit court adjudicated petitioner as a neglecting parent by order entered on January 25, 2019.

The circuit court held the final dispositional hearing in March of 2019. During the hearing, the circuit court was informed that on February 21, 2019, petitioner pled guilty to conspiracy to commit forgery in the Circuit Court of Wetzel County; was sentenced to an indeterminate term of one to five years with the ability to file a motion to reduce his sentence after six months; received eighty-five days of credit for time served; and, pursuant to the plea agreement, he would be eligible for probation on May 28, 2019, and parole on November 28, 2019. Also at the hearing, petitioner requested a less-restrictive dispositional alternative, but the circuit court denied the request. The circuit court considered petitioner's recent sentence of incarceration; his failure to seek treatment, employment, or housing since the filing of the petition; and his inability to care for the child. The circuit court cited petitioner's previous admissions that he had not changed his circumstances to remedy the abuse and neglect of the prior proceeding. Ultimately, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that it was in the best interest of the child to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights by its March 19, 2019, order. It is from this dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in terminating his parental rights instead of imposing a less-restrictive dispositional alternative pursuant to West Virginia Code § 49-4-604(b)(5), which provides, in part,

---

[2]The child's mother's parental rights were also terminated. According to the DHHR, the permanency plan for the child is adoption by the paternal grandparents.

[u]pon a finding that the abusing parent or battered parent or parents are presently unwilling or unable to provide adequately for the child's needs, [a circuit court may] commit the child temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court.

In support, petitioner argues that the circuit court failed to make any specific findings as to whether the conditions of neglect could be substantially corrected in the near future. Further, he argues that his circumstances had changed because he ceased his relationship with the mother and he would be able to participate in the drug court program pursuant to his plea agreement. In light of these changes, he argues that the circuit court should have temporarily appointed his mother as the child's guardian so that he could finish his term of incarceration and seek treatment for his drug addiction. He asserts, it is "conceivable that with the proper drug rehabilitation and reform, [he] could significantly improve his circumstances within [fifteen] to [eighteen] months of the birth of the subject minor child." Accordingly, petitioner argues that the circuit court's termination of his rights was premature, and that there "would be no harm or detriment to the subject minor child by disposing of [his] case under West Virginia Code § 49-4-604(b)(5), pending [his] release from incarceration and participation in drug rehabilitation." We disagree.

West Virginia Code § 49-4-604(b)(6) (2019) permits a circuit court to terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Additionally, under West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

With these parameters in mind, it is clear that the record supports the circuit court's finding that there was no reasonable likelihood petitioner could substantially correct the conditions of neglect, given his untreated addiction and noncompliance during the proceedings. At adjudication, petitioner admitted that he relapsed in his addiction to methamphetamine just prior to the child's

birth; he was unable to care for her since her birth, regardless of incarceration; and never sought drug treatment or rehabilitation since the prior abuse and neglect proceedings. At disposition, petitioner stated that he wanted to be in his child's life, and hoped to "improve at some point." While it is true that petitioner may be able to undergo some treatment in the future for his drug addiction, according to his plea and sentencing order entered on April 8, 2019, he had not yet been approved for a drug court program, and the plea agreement was contingent on this approval. Therefore, at disposition, the circuit court had no definite time frame for petitioner's release or if and when he would attend rehabilitation. Further, petitioner admitted that he had not corrected other circumstances that prevented his ability to parent his child such as gaining employment and housing. Petitioner claims that he should have been granted a less-restrictive disposition because he might eventually be able to correct the conditions of abuse and neglect, but we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part (quoting syl. pt. 1, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Lastly, contrary to petitioner's contention that the circuit court made no specific findings as to whether the conditions of abuse and neglect could be substantially corrected in the near future, the circuit court found that "[petitioner] testified previously that he could not correct his conditions in the near future and needed to focus on himself prior to caring for any child." Accordingly, we find no error in the circuit court's finding that there was no reasonable likelihood the conditions of abuse and neglect could have been substantially corrected in the near future and that termination was necessary for the child's welfare.

While petitioner argues that the circuit court should have employed a less-restrictive dispositional alternative, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the decision of the circuit court, and its March 19, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: January 17, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison